UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SELENA BLANCHARD,

    Petitioner,

v.

UNITED STATES,

    Respondent.

Case No. 20-07578 BLF (PR)

**ORDER OF TRANSFER**

Petitioner, a federal prisoner at the Federal Correctional Institution ("FCI") in Dublin, filed a letter which was construed as an attempt to file a habeas action. Dkt. Nos. 1, 2. The matter was reassigned to this Court pursuant to *Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017). Dkt. Nos. 6, 7. After the filing fee was received, Petitioner was provided another opportunity to file a proper petition. Dkt. No. 11. Petitioner filed a letter and a form petition, which the Court construes as being brought under 28 U.S.C. § 2241. Dkt. Nos. 12, 13. For the reasons discussed below, this matter must be transferred.

## BACKGROUND

According to the petition, Petitioner was sentenced in the Middle District of Florida,

Tampa Division, in 2013 to "192 months/5 years supervision." Dkt. No. 12 at 1. Petitioner attached papers to the letter initiating this action which indicates that sometime during 2020, she filed a motion for appointment of counsel in the Middle District of Florida, in order to aid her in pursuing a request for compassionate release under 18 U.S.C. § 3582. Dkt. No. 1 at 2-3. The Middle District of Florida denied the motion because Petitioner had not actually filed a § 3582 motion. *Id.* The other attached papers indicate that she requested compassionate release based on her concern of contracting COVID-19 with the Warden at FCI, who denied the request. *Id.* at 4-13. It appears that Petitioner is now attempting to obtain relief by way of a habeas action in this district where she is currently confined.

## DISCUSSION

### A. Standard of Review

This Court may entertain a petition for writ of habeas corpus from a person claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B. Claims

Petitioner is serving a federal sentence and is seeking compassionate release due to the current pandemic. Petitioner was correct in first seeking aid for pursuing compassionate release in the sentencing court, *i.e.*, the Middle District of Florida, by seeking appointment of counsel therein. *See Bolden v. Ponce*, No. 2:20-cv-03870-FJW-MAA, 2020 WL 2097751, at *2 (C.D. Cal. May 1, 2020) (citing *United States v. Rala*, 954 F.3d 594, 595 (3d Cir. 2020)) ("Section 3582's text requires those motions to be addressed

2

to sentencing court, a point several Circuits have noted"); *cf. United States v. Ono*, 72 F.3d 101, 102 (9th Cir. 1995) ("Because the purpose of a [section] 3582 motion is resentencing, a motion under [section] 3582(c) is undoubtedly a 'step in the criminal case.'"). However, the papers Petitioner filed in initiating this action indicate that while she sought compassionate release from the prison, she did not actually file a § 3582 motion in the sentencing court. This Court does not have the authority to grant the relief she seeks. "District courts have no authority to reduce a federal inmate's sentence under 18 U.S.C. § 3582(c)(1)(A) pursuant to federal habeas proceeding under 28 U.S.C. § 2241." *Ray v. Finley*, No. 3:19-CV-0988, 2019 WL 5569616, at *4 (M.D. Pa. Oct. 29, 2019); *see also Rodriguez-Aguirre v. Hudgens*, 739 F. App'x 489, 490-91 (affirming dismissal of section 2241 petition for compassionate release because petitioner "did not challenge the legality of his conviction or sentence"); *Himmel v. Upton*, No. 4:18-CV-804-O, 2019WL 1112923, at *2-3 (N.D. Tex. Mar. 11, 2019) (dismissing section 2241 petition because compassionate release for medical reasons does "not allege [petitioner] is in custody as a result of a constitutional violation"); *Rowe v. Ortiz*, No. 19-17371, 2019 WL 5078727, at *2 (D. N.J. Oct. 10, 2019) (district court lacks jurisdiction on habeas review to modify a sentence under 18 U.S.C. § 3582); *Maestro v. Ives*, No. CV 14-1069 R (JC), 2014 WL 6389370, at *2 n.4 (C.D. Cal. Nov. 13, 2014) (a "request for a reduced sentence [under § 3582(c)] is not cognizable on federal habeas review"); *Share v. Krueger*, 553 F. App'x 207, 208-09 (3d Cir. 2014) (habeas petition under section 2241 is not appropriate vehicle to review denial of compassionate release). Accordingly, this Court lacks jurisdiction to hear compassionate release claims under § 2241, when it was not the sentencing court. In the interest of justice, the Court will transfer this action to the Middle District of Florida which has jurisdiction over the matter.

///

///

3

**CONCLUSION**

For the foregoing reasons, this federal habeas corpus action is **TRANSFERRED** to the United States District Court for the Middle District of Florida, Tampa Division. *See* 28 U.S.C. § 1406(a).

The Clerk shall terminate all pending motions and transfer the entire file to the Middle District of Florida.

**IT IS SO ORDERED.**

Dated: __February 19, 2021__

BETH LABSON FREEMAN
United States District Judge

Order of Transfer
P:\PRO-SE\BLF\HC.20\07578Blanchard_transfer.docx

4